United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**August 8, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41426
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY NORMAN OLIVEROS,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-193-ALL

Before GARWOOD, EMILIO M. GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Larry Normal Oliveros appeals his conviction after a jury trial for transporting an alien within the United States in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (a)(1)(A)(v)(II). Oliveros contends that the district court erred by admitting evidence of his prior conviction for aiding and abetting an undocumented alien to attempt to elude examination by Border Patrol

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agents in violation of 8 U.S.C. § 1325(a). He asserts that this evidence was only marginally relevant and that its probative value was substantially outweighed by the danger of unfair prejudice. *See* FED. R. EVID. 404(b).

The evidence at trial established that the alien Oliveros was accused of transporting was concealed in the truck of his vehicle. Thus, evidence of his knowledge and intent were at issue. Indeed, counsel for Oliveros acknowledged, before evidence of the prior conviction was admitted, that Oliveros's intent would be at issue. Moreover, there is no question but that Oliveros's prior conviction was relevant to these issues; the extrinsic offense required the same intent as the charged offense. *See United States v. McMahon*, 592 F.2d 871, 873 (5th Cir. 1979) (holding that aiding and abetting an alien to elude examination requires the same culpable mental state as the offense of transporting aliens). We also agree that the incremental probative value of the evidence was not substantially outweighed by the potential for unfair prejudice. The extrinsic offense was similar to the charged offense, and was clearly proximate in time, a conviction for the extrinsic offense having been obtained only four months prior to the commission of the charged offense. *See id*. at 873-74. The introduction of the extrinsic offense did not carry significant danger of unfair prejudice. Oliveros's prior conviction was not heinous in nature and was not of a type "likely to incite the jury to an irrational

2

decision." *Id*. at 876. Finally, we conclude that any prejudicial effect of the extrinsic offense evidence was minimized by the district court's limiting instruction, an instruction that Oliveros's counsel had previously requested. *Id*. at 873, 876. Accordingly, the district court did not abuse its discretion in admitting evidence of Oliveros's prior conviction. *See United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).

AFFIRMED.